UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDRE CANTEY,

                          Plaintiff,

           v.                                                  No. 16-CV-1008 (TJM/CFH)

DANIEL F. MARTUSCELLO,
Superintendent, Coxsackie Correctional
Facility,

                          Defendant.
_____

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                                 **OF COUNSEL:**

Andre Cantey
Plaintiff pro se
14-A-4643
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

HON. ERIC T. SCHNEIDERMAN           RICHARD LOMBARDO, ESQ.
Attorney General for the                      Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Andre Cantey ("Plaintiff"), an inmate who was, at all relevant times, in

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant, Daniel F. Martuscello, Superintendent, Coxsackie Correctional Facility ("Coxsackie C.F."), violated his constitutional rights under the Eighth and Fourteenth Amendments. Dkt. No. 1 ("Compl.").

Presently pending is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) for plaintiff's failure to state a claim upon which relief may be granted. Dkt. No. 14. Plaintiff did not file a response.

## I. Background

### A. Plaintiff's Recitation of the Facts

The facts are reviewed in the light most favorable to plaintiff as the non-moving party. See subsection II.A infra. Plaintiff was incarcerated at Coxsackie C.F. during the events described in the complaint. See Compl. at 5.

Plaintiff alleges that he was forced to take cold showers due to "facility negligence." Compl. at 5. Plaintiff submitted a written complaint to defendant regarding the lack of hot water on December 27, 2015. Id. He submitted written complaints twice more, on January 10, 2016 and February 7, 2016. Id. The January 10, 2016 complaint informed defendant that the absence of hot water violated New York State regulations. Id. The February 7, 2016 complaint informed defendant that plaintiff's personal hygiene was suffering as a result of the lack of hot water in the showers. Id. at 5-6. Plaintiff filed a formal grievance on March 1, 2016. Id. at 6. On March 7, 2016, plaintiff sought medical treatment for "flu-like

symptoms." Id. at 6. On March 9, 2016, plaintiff received notification that his grievance was being consolidated with other inmate grievances regarding the lack of hot water for showering. Id. On March 10, 2016, plaintiff filed "a complaint" with defendant stating that his "health is being compromised causing him to suffer horrible pains." Id. On March 15, 2016, plaintiff sought additional medical treatment at the facility, which he alleges was necessitated by the lack of hot water for showering. Id. at 6-7.

Plaintiff received a response to the March 1, 2016 grievance on March 23, 2016, noting that the actions requested by plaintiff were accepted and "[t]he lack of hot water was attributed to the fact that the facility's hot water tanks became damaged." Dkt. No. 1-1 at 18.[2] The response also noted that the damaged hot water tanks had been replaced. Id. Plaintiff appealed the grievance to defendant. Compl. at 7. Defendant issued a response which noted that the facility was having difficulty keeping up with the demand for hot water during peak showering hours, but that necessary repairs were made to correct the issue. Dkt. No. 1-1 at 22. In response to the consolidated grievances, defendant also "noted that there has been no evidence of malfeasance or neglect by facility staff." Id. at 22. Plaintiff states that defendant's response to the grievant's suffering acknowledged "the cruel and unusual punishment from the deprivation of hot water." Id. at 7. He seeks compensatory and punitive damages against defendant. Id. at 11.

---

[2] Plaintiff attached to his complaint various exhibits referenced within the complaint. See Dkt. No. 1-1.

## II. Discussion[3]

### A. Legal Standard For Motions Pursuant to Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 326, 335 (2d Cir. 2009)) (internal quotation marks omitted). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement ... it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible....") (internal citations omitted). Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

---

[3] All unpublished opinions cited to by the Court in this Report-Recommendation and Order are, unless otherwise noted, attached to this Report-Recommendation and Order.

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [t]here are many cases in which we have said that a *pro se* litigant is entitled to special solicitude, that a *pro se* litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by *pro se* litigants, and that *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law....

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally." (internal quotation marks and citations omitted)).

**B. Eighth Amendment**

Plaintiff alleges that defendant violated his Eighth Amendment rights by subjecting him to "approximately five months of frigid showers, hygiene discomfort, and medical treatment." Compl. at 9. Construed liberally, plaintiff alleges that defendant subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment. See Dkt. No. 4 at 2.

"The Constitution does not mandate comfortable prisons but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."

-5-

Farmer v. Brennan, 511 U.S. 825, 832 (1994).  As with other Eighth Amendment claims, a "plaintiff must satisfy both an objective . . . and subjective test." Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996) (citations omitted).  Objectively, the deprivation must be "sufficiently serious [such] that [the inmate] was denied the minimal civilized measure of life's necessities[.]" Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks and citation omitted).  To satisfy the subjective test, the inmate must show that "the defendant official acted with a sufficiently culpable state of mind . . . such as deliberate indifference to inmate health or safety." Id. (internal quotation marks and citation omitted); see also Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002).

The objective prong can be satisfied where the plaintiff pleads "conditions [that] either alone or in combination, pose an unreasonable risk of serious damage to [the plaintiff's] health[.]" Darnell v. Pineiro, 849 F.3d 17, 30 (2d Cir. 2017) (quoting Walker, 717 F.3d at 125)).  There is no "static test" to determine whether or not an alleged deprivation is sufficiently serious to satisfy the objective prong.  Id.  Rather, courts must determine whether the conditions violate "contemporary standards of decency." Id. (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)) (additional citation omitted).

An inmate's claim of a lack of access to hot water for showering fails to state an Eighth Amendment claim because it does "not constitute [a] serious deprivation[] of basic human needs." DeBlasio v. Rock, No. 9:09-CV-1077(TJM/GHL), 2011 WL 4478515, at *17 (N.D.N.Y. Sept. 26, 2011).  Moreover, a lack of hot water for showering does not constitute a violation of the Eighth Amendment as there is no liberty interest in a hot shower.  See Hodge v. Sidorowicz, No. 10 CIV. 428 (PAC/MHD), 2011 WL 6778524, at *20 (S.D.N.Y. Dec. 20, 2011), report and recommendation adopted by Hodge v. Sidorowicz, No. 10 CIV. 428

(PAC/MHD), 2012 WL 701150 (S.D.N.Y. Mar. 6, 2012) (finding that the plaintiff's allegation of a lack of hot showers was not "so severe and pervasive as to threaten inmate health or safety.")

Here, plaintiff states that he was forced to shower with cold water for a period of approximately five months.  Compl. at 9.  Even construing plaintiff's complaint liberally, and with the deference entitled to plaintiff as a pro se litigant, plaintiff's complaint fails to state a claim for relief.  Inmates do not have a constitutional right to hot water.  Hodge, 2011 WL 6778524, at *20.  Although the Court acknowledges that showering in cold water may be uncomfortable, an inmate's discomfort during showering does not violate contemporary standards of decency.  See Darnell, 849 F.3d at 30; Graham v. Perez, 121 F. Supp. 2d 317, 323 (S.D.N.Y. 2000) ("Routine discomfort . . . or even harsh prison conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  "[S]hort-term exposure to chilliness" does not amount to "a serious threat to inmate health and safety."  Hodge, 2011 WL 6778524, at *20.  Thus, plaintiff has failed to state a plausible claim as to the objective element of his Eighth Amendment conditions of confinement claim.

Even if the Court were to find that plaintiff's claim satisfied the objective element of a conditions of confinement claim, the claim would still fail due to plaintiff's failure to plausibly plead the subjective element of his conditions of confinement claim.

A prison official is not liable, and an inmate fails to establish the subjective element of an Eighth Amendment conditions of confinement claim, "unless the official knows of and disregards an excessive risk to inmate health or safety[.] . . . [T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

and he must also draw the inference." Farmer, 511 U.S. at 837. To satisfy the subjective element of a conditions of confinement claim, an inmate must show that the "defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed." Darnell, 849 F.3d at 35. Actions that are merely negligent fail to satisfy the subjective element. Id. at 36.

Here, plaintiff claims that defendant violated his Eighth Amendment right against cruel and unusual punishment by failing to expeditiously remedy the lack of hot water in the facility, thus subjecting plaintiff to cold showers. See Compl. at 5-7. In Hodge—upon granting defendant's motion to dismiss— the Court noted that an improperly working hot-water system at a facility does not support the requisite subjective prong of a conditions of confinement claim. Hodge, 2011 WL 6778524, at *21. Plaintiff attached to his complaint the responses he received from both the Inmate Grievance Review Committee ("IGRC") and defendant after complaining about the lack of hot water through the facility's inmate grievance program.[4] Dkt. No. 1-1 at 18, 22. The IGRC found that the lack of hot water "was attributed to the fact that the facility's hot water tanks became damaged. Replacement tanks were immediately ordered and installed as soon as possible. . . . [A] third hot water tank was installed and made operational. . . ." Dkt. No. 1-1 at 18. In responding to plaintiff's appeal of the IGRC's decision, defendant noted that "due to a damaged hot water tank, there have been issues keeping up with the large demand during prime usage hours. The facility has taken appropriate action, and repairs have been made to correct this issue." Id. at 22. Plaintiff's

---

[4] The IGRC is the first level of review in DOCCS's three-step inmate grievance program. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(a)(1). After the IGRC renders a decision on an inmate's grievance, the inmate may appeal the IGRC decision to the superintendent should the inmate disagree with the IGRC's decision. Id. § 701.5(c)(1).

claim that the hot water tanks at Coxsackie C.F. were broken—and that defendant failed to fix them—without more, is insufficient to establish the requisite intention to prove the subjective element of his conditions of confinement claim.[5]  See Hodge, 2011 WL 6778524, at *21 (finding that the plaintiff's claim that the hot water tanks at the facility were broken failed to state a claim as to the subjective element of the plaintiff's conditions of confinement claim).

Accordingly, the Court recommends that plaintiff's Eighth Amendment conditions of confinement claim be dismissed.

### C. Substantive Due Process

Plaintiff alleges a violation of his substantive due process rights based on being subjected to "approximately five months of frigid showers, hygiene discomfort, and medical treatment."  Compl. at 9.

"Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense . . . but not against government action that is incorrect or ill-advised."  Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994) (internal quotation marks and citation omitted).  "To establish a violation of substantive due process rights, a plaintiff must demonstrate that the state action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d 415, 431 (2d Cir. 2009) (quoting

---

[5] The Court notes that plaintiff cites various statutory provisions in an attempt to show that some prison conditions violated DOCCS directives. See Compl. at 5, 7. However, it is well-settled in this District that "[a] violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983." Burns v. Martuscello, No. 9:13-CV-0486 (LEK/CFH), 2015 WL 541293, at *13 (N.D.N.Y. Feb. 10, 2015) (quoting Cusamano v. Sobek, 604 F. Supp. 2d 416, 482 (N.D.N.Y. 2009)). Thus, plaintiff fails to state a claim insofar as he claims that his rights were violated by defendant's failure to follow DOCCS policy.

Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)).  Establishing a substantive due process violation is difficult, as "[v]ery few conditions of prison life are 'shocking' enough to violate a prisoner's right to substantive due process.  In Sandin v. Conner, the Supreme Court provided only two examples [of substantive due process violations]: the transfer to a mental hospital and the involuntary administration of psychotropic drugs."  Samms v. Fischer, No. 10-CV-349 (GTS/GHL), 2011 WL 3876528, at *12 (N.D.N.Y. Mar. 25, 2011) (citations omitted).

      Here, plaintiff claims that he was subjected to cold showers, and later developed "flu-like symptoms."  Compl. at 5-6.  Plaintiff has failed to establish a protected liberty interest in taking a shower with hot water.  See section II.B infra; Israel v. Bradt, No. 15-CV-6424L, 2017 WL 77111, at *1 (W.D.N.Y. Jan. 9, 2017) (explaining that a plaintiff must plausibly allege a protected liberty interest to maintain a substantive due process claim).  Even construing liberally the facts alleged in plaintiff's complaint, and drawing all reasonable inferences in favor of plaintiff, the complaint does not contain facts that "shock the contemporary conscience."  Baez v. Pinker, No. 15-1932-PR, 2016 WL 7177663, at *3 (2d Cir. Dec. 8, 2016) (summary order) (quoting Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005)).  Thus, defendant's motion to dismiss plaintiff's substantive due process claims is granted.  Plaintiff has not asserted a cognizable liberty interest, and does not plead facts to establish that defendant's conduct "was sufficiently arbitrary, conscience-shocking, or oppressive to implicate substantive due process."  Black v. Lansberg, No. 9:06-CV-1243(GTS/GHL), 2009 WL 3181111, at *11 (N.D.N.Y. Sept. 29, 2009).

      Accordingly, it is recommended that plaintiff's substantive due process claim be dismissed.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendant's motion to dismiss (Dkt. No. 14) plaintiff Andre Cantey's complaint (Dkt. No. 1) be **GRANTED**; and it is further

**RECOMMENDED** that plaintiff Andre Cantey's complaint (Dkt. No. 1) be **DISMISSED** in its entirety; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties in this action, pursuant to local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F. 2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F. 2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated:   June 7, 2017
         Albany, New York

*Christian F. Hummel* (signature)
Christian F. Hummel
U.S. Magistrate Judge